**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

ENRIQUE MADRINAN,

Plaintiff,

vs.

SMART BITES ENTERPRISES LLC, a Florida Limited Liability Company, HEALTHY REAL ESTATE ENTERPRISE LLC, a Florida Limited Liability Company, JIMAPA LLC, a Florida Limited Liability Company,

Defendants.

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, ENRIQUE MADRINAN, (hereinafter sometimes referred to as "Plaintiff"), hereby sues the Defendants, SMART BITES ENTERPRISES, LLC, ("SMART BITES"), a Florida Limited Liability Company, HEALTHY REAL ESTATE ENTERPRISE, LLC, ("HEALTHY REAL ESTATE") a Florida Limited Liability Company, and JIMAPA, LLC, ("JIMAPA"), a Florida Limited Liability Company, (hereinafter collectively referred to as "Defendants"), for injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at a property bearing the business name Smart

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

Bites, located at 791 N.W. 20th Street, Miami, Florida 33127, (hereinafter sometimes referred to as "Restaurant"), and the adjoining commercial facilities located at 795 N.W. 20th Street, Miami, Florida 33127, and 783 N.W. 20th Street, Miami, Florida 33127, (hereinafter sometimes collectively referred to as the "Commercial Lots").

**JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Miami-Dade County, Florida, and the Restaurant and Commercial Lots are located in Miami-Dade County, Florida.

**PARTIES**

4. Plaintiff, Enrique Madrinan, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the Premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.

5. The Plaintiff is a quadriplegic who is limited in one, or more major life activity, including but not limited to walking, standing, grabbing, and grasping. Consequently, Plaintiff requires a wheelchair to ambulate and has limited use of his hands.

6. On or about October 14, 2016, Plaintiff visited the Restaurant, which forms the basis of this lawsuit.

7. The Plaintiff plans to return to the Restaurant to avail himself of the goods and services offered to the public therein, and to determine whether the Restaurant and the commercial lot where the Restaurant is located are ADA compliant.

8. The Plaintiff encountered, observed and/or has knowledge of the architectural barriers at the subject Restaurant, the restroom, and the parking lot, which discriminate against him because of his disability. These barriers also prevent and deter Plaintiff from returning to the Restaurant and Commercial Lots to enjoy the goods and services available to the public.

9. Plaintiff is also a tester for asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation comply with the ADA. Plaintiff has knowledge that the Restaurant and Commercial Lots contain numerous inaccessible elements, which prevent access to the disabled, and are a threat to the safety of individuals with disabilities.

10. Due to Defendants' ADA violations set forth *infra*, Plaintiff was not able to, and still cannot, access significant portions of the Restaurant, the restroom, or parking lot, and/or avail himself of the various amenities otherwise offered to able-bodied individuals by the Defendants.

11. Once the architectural barriers violating the ADA and the FACBC are removed, Plaintiff, will return to the Restaurant and the commercial lot. Until removed, Plaintiff is

deterred from returning; unless injunctive relief is granted Plaintiff will be denied full access to the Restaurant and Commercial Lots.

12. The Defendant, SMART BITES is a Florida Limited Liability Company, authorized to, and transacts business in the State of Florida. Upon information and belief, this Defendant is the owner/lessor and/or operator of the Restaurant, known within the community as Smart Bites.

13. The Defendant, HEALTHY REAL ESTATE is a Florida Limited Liability Company, authorized to, and transacts business in the State of Florida. Upon information and belief, this Defendant is the owner/lessor and/or operator of the commercial facility located at 791 N.W. 20th Street, Miami, Florida 33127 where the Restaurant is operates.

14. The Defendant, JIMAPA is a Florida Limited Liability Company, authorized to, and transacts business in the State of Florida. Upon information and belief, this Defendant is the owner/lessor and/or operator of the Commercial Lots located at 795 N.W. 20th Street, Miami, Florida 33127, and 783 N.W. 20th Street, Miami, Florida 33127 where portions of the parking lot and outdoor seating are located.

**COUNT I**
**Americans With Disabilities Action**
**for Injunctive Relief**

15. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans with Disabilities Act").

16. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 14 of this Complaint as if fully stated herein.

17. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

18. The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 C.F.R § 36.508(a).

19. Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1992 at the latest. The Restaurant and Commercial Lots are required to undergo barrier removal, in order to be readily accessible to and usable by individuals with disabilities to the maximum extent feasible.

20. Pursuant to 42 U.S.C. § 12181(7)(B) and 28 CFR § 36.104, the Restaurant which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

21. Pursuant to 42 U.S.C. § 12181(2) and 28 CFR § 36.104, the Commercial Lots which are the subject of this action are commercial facilities covered by the ADA and which must be in compliance therewith.

22. The Defendants have discriminated against the Plaintiff by denying him access to, and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Restaurant and the commercial lots, as prohibited by 42 U.S.C. § 12182 *et seq.*, by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

24. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

26. At the Commercial Lots, the Defendant, JIMAPA is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and is discriminating against Plaintiffs as a result of the following violations:[2]

**ENTRANCE ACCESS AND PATH OF TRAVEL**

a. There is no accessible parking space at the facility;
b. The parking lot surface and path to the outdoor patio and main entrance contains excessive changes in level;
c. Permanently placed parking lot wheel stops near the entryway to the east outdoor dining encroach into the required clear width of the accessible route;

27. At the Restaurant, the Defendants, SMART BITES and HEALTHY REAL ESTATE are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and is discriminating against Plaintiffs as a result of the following violations:

**ACCESS TO GOODS AND SERVICES**

a. The outdoor patio to the west does not provide accessible tables;
b. There is an excessive change in level at the entry door leading from the western outdoor patio to the indoor restaurant;
c. There are excessive changes in level at both the easternmost and westernmost entry doors to the indoor restaurant facing 20th Street;
d. The existing ramps at both entry doors facing 20th Street have excessive slopes and changes in level;
e. Ramps are present with no level landings at the entry doors facing 20th Street;
f. Unsecured mats are placed at the entry doors facing 20th Street;

[2] Due to the architectural barriers encountered, not all areas of the premises could be assessed by the Plaintiff. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representative pursuant to Rule 34 of the Federal Rules of Civil Procedure.

g. The outdoor patio to the east does not provide accessible tables;

h. There is an excessive change in level at the entry door leading from the eastern outdoor patio to the indoor restaurant;

**<u>PUBLIC RESTROOM</u>**

i. There is no accessible route from the public areas of the restaurant to the restroom at the rear of the facility;

j. Steps prevent access to the restroom;

k. There is no accessible restroom at the facility;

l. The door to the restrooms lack compliant hardware;

m. There is insufficient maneuvering clearance and turning space within the footprint of the single-user restroom, thus rendering the restroom inaccessible;

n. The commode in the restroom lacks a compliant rear grab bar;

o. The commode in the restroom lacks a side-wall grab bar;

p. The toilet paper dispenser in the restroom is inaccessible;

q. The lavatory in the restroom is inaccessible and does not provide clearance underneath;

r. The mirror in the restroom is mounted too high.

28. The discriminatory violations described in paragraph 26 and 27 are not an exclusive list of Defendants' ADA violations.

29. Upon information and belief, correcting each barrier in paragraphs 26 and 27 of this Complaint are readily achievable.

30. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Restaurant and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations, including, but not limited to, those set forth above.

31. The violations present at Defendants' Restaurant and Commercial Lots infringe on Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer,

frustration and humiliation because of the discriminatory conditions present at the Restaurant and Commercial Lots. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the public.

32. Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the public until the existing barriers have been removed.

33. Once the architectural barriers are removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiff will visit the Restaurant not only to avail himself of the services, programs and/or activities available at the building/property, but also to assure himself that the Restaurant and the commercial lots are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

34. As a proximate result of Defendants' failure to design, alter, construct, or remove architectural barriers from the Restaurant and the commercial lots in a manner that is readily accessible to and usable by individuals with disabilities as required by the ADA, Plaintiff, Enrique Madrinan has suffered, and will continue to suffer, injury including, but not limited to a deprivation of his right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Premises.

35. Plaintiff is without an adequate remedy at law, and is suffering irreparable harm. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants continuing discriminatory conduct.

36. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

38. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to maintain accessible features at the Restaurant and the commercial lots, and awarding Plaintiff his reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject Restaurant and the commercial lots until the requisite modifications are completed.

**COUNT II**
**Action for Violations of the Florida Americans**
**With Disabilities Accessibility Implementation Act**

39. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

40. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 14 of this Complaint as if fully stated herein.

41. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

42. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

43. In addition, Fla. Stat. § 553.502 provides that "nothing in ss. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

---

[4] 28 CFR §§ 36.101, *et seq*, 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

44. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

45. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

46. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

47. At all times relevant herein, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

48. At the Commercial Lots, the Defendant, JIMAPA breached its duty to provide Plaintiff access to the subject premises, and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

**ENTRANCE ACCESS AND PATH OF TRAVEL**

a. There is no accessible parking space at the facility;
b. The parking lot surface and path to the outdoor patio and main entrance contains excessive changes in level;
c. Permanently placed parking lot wheel stops near the entryway to the east outdoor dining encroach into the required clear width of the accessible route;

49. At the Restaurant, the Defendants, SMART BITES and HEALTHY REAL ESTATE breached their duty to provide Plaintiff access to the subject premises, and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

**ACCESS TO GOODS AND SERVICES**

a. The outdoor patio to the west does not provide accessible tables;
b. There is an excessive change in level at the entry door leading from the western outdoor patio to the indoor restaurant;
c. There are excessive changes in level at both the easternmost and westernmost entry doors to the indoor restaurant facing 20th Street;
d. The existing ramps at both entry doors facing 20th Street have excessive slopes and changes in level;
e. Ramps are present with no level landings at the entry doors facing 20th Street;
f. Unsecured mats are placed at the entry doors facing 20th Street;

g. The outdoor patio to the east does not provide accessible tables;
h. There is an excessive change in level at the entry door leading from the eastern outdoor patio to the indoor restaurant;

**PUBLIC RESTROOM**

i. There is no accessible route from the public areas of the restaurant to the restroom at the rear of the facility;
j. Steps prevent access to the restroom;
k. There is no accessible restroom at the facility;
l. The door to the restrooms lack compliant hardware;
m. There is insufficient maneuvering clearance and turning space within the footprint of the single-user restroom, thus rendering the restroom inaccessible;
n. The commode in the restroom lacks a compliant rear grab bar;
o. The commode in the restroom lacks a side-wall grab bar;
p. The toilet paper dispenser in the restroom is inaccessible;
q. The lavatory in the restroom is inaccessible and does not provide clearance underneath;
r. The mirror in the restroom is mounted too high.

50. The Plaintiff has been denied access to, and the benefits of, services, programs and activities of the Restaurant and Commercial Lots, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations as set forth above. Furthermore, Plaintiff will continue to suffer such discrimination, injury, and damage, and will be deterred from returning to the Restaurant and Commercial Lots without the relief provided pursuant to the FACBC as requested herein.

51. Plaintiff is without an adequate remedy at law, and is suffering irreparable harm. Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants continuing discriminatory conduct.

52. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

53. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the Restaurant and Commercial Lots to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and close the Restaurant and Commercial Lots until the requested modifications are completed.

54. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices, ordering the Defendants to alter the Restaurant and Commercial Lots as appropriate to comply with the FACBC, awarding Plaintiff his attorney fees, costs and litigation expenses incurred in this action, and close the subject Restaurant and Commercial Lots until the requested modifications are completed.

Date: March 12, 2017

Respectfully submitted,

By:*/S/ Camilo F. Ortega*
Camilo F. Ortega, Esq.,
Florida Bar No.: 0075387
ORTEGA LAW GROUP, P.A.,
**THE LAW CENTER**

[7] *Cf., Wesley Group Home Ministries, Inc., v. City of Hallendale,* 670 So.2d 1046 (Fla.4th Distr. 1996).

1888 N.W. 7th Street
Miami, Florida 33125
Ph: (786) 452-9709
Fax: (305) 643-3334
E-Mail: camilo@ortegalawgroup.com
Service by E-Mail:
attorneyservice@ortegalawgroup.com
Secondary E-Mail:
caoclerk@ortegalawgroup.com